# In the United States Court of Federal Claims
**OFFICE OF SPECIAL MASTERS**
No. 19-1639V
UNPUBLISHED

| | |
|---|---|
| DEBRA ROSE,<br><br>      Petitioner,<br>v.<br><br>SECRETARY OF HEALTH AND<br>HUMAN SERVICES,<br><br>      Respondent. | Chief Special Master Corcoran<br><br>Filed: September 28, 2021<br><br>Special Processing Unit (SPU);<br>Damages Decision Based on Proffer;<br>Influenza (Flu) Vaccine; Shoulder<br>Injury Related to Vaccine<br>Administration (SIRVA) |

*Bobbie L. Flynt*, Crandall & Pera Law, LLC, Chagrin Falls, OH, for Petitioner.

*Darryl R. Wishard*, U.S. Department of Justice, Washington, DC, for Respondent.

## **DECISION AWARDING DAMAGES**[1]

On October 22, 2019, Debra Rose filed a petition for compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. § 300aa-10, *et seq.*[2] (the "Vaccine Act"). Petitioner alleges that she suffered a left shoulder injury related to vaccine administration ("SIRVA") as a result of an influenza vaccine administered on November 11, 2018. Petition at 1. The case was assigned to the Special Processing Unit of the Office of Special Masters.

On February 9, 2021, a ruling on entitlement was issued, finding Petitioner entitled to compensation for SIRVA. On September 28, 2021, Respondent filed a proffer on award of compensation ("Proffer") indicating Petitioner should be awarded $162,445.95. Proffer at 1-2. In the Proffer, Respondent represented that Petitioner agrees with the proffered

---

[1] Because this unpublished Decision contains a reasoned explanation for the action in this case, I am required to post it on the United States Court of Federal Claims' website in accordance with the E-Government Act of 2002.  44 U.S.C. § 3501 note (2012) (Federal Management and Promotion of Electronic Government Services). **This means the Decision will be available to anyone with access to the internet.** In accordance with Vaccine Rule 18(b), Petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, I agree that the identified material fits within this definition, I will redact such material from public access.

[2] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755.  Hereinafter, for ease of citation, all "§" references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2012).

award. *Id.* Based on the record as a whole, I find that Petitioner is entitled to an award as stated in the Proffer.

Pursuant to the terms stated in the attached Proffer, **I award Petitioner a lump sum payment of $162,445.95 (consisting of $140,000.00 for past pain and suffering, $11,072.40 for past loss of earnings, and $11,373.55 for past unreimbursed expenses) in the form of a check payable to Petitioner.** This amount represents compensation for all damages that would be available under Section 15(a).

The clerk of the court is directed to enter judgment in accordance with this decision.[3]

**IT IS SO ORDERED.**

>           **s/Brian H. Corcoran**
>           Brian H. Corcoran
>           Chief Special Master

---

[3] Pursuant to Vaccine Rule 11(a), entry of judgment can be expedited by the parties' joint filing of notice renouncing the right to seek review.

# IN THE UNITED STATES COURT OF FEDERAL CLAIMS
# OFFICE OF SPECIAL MASTERS

| | |
|---|---|
| DEBRA ROSE, ) | |
| Petitioner, ) | No. 19-1639V   ECF |
| v. ) | Chief Special Master Corcoran |
| SECRETARY OF HEALTH ) AND HUMAN SERVICES, ) | |
| Respondent. ) | |

## PROFFER ON AWARD OF COMPENSATION[1]

**I.   Procedural History**

On October 22, 2019, Debra Rose ("petitioner") file a petition alleging that an influenza ("flu") vaccination that she received in her left arm on November 11, 2018, caused a shoulder injury related to vaccine administration ("SIRVA"). *See* Petition. On February 8, 2021, respondent filed his Vaccine Rule 4(c) report, conceding a Table injury for SIRVA. ECF No. 25. On February 9, 2021, Chief Special Master Corcoran issued a ruling on entitlement, finding that petitioner was entitled to compensation for SIRVA. ECF No. 26.

**II.   Items of Compensation**

Based upon the evidence, respondent proffers that petitioner should be awarded a lump sum of **$162,445.95**, consisting of $140,000.00 for past pain and suffering, $11,072.40 for past loss of earnings, and $11,373.55 for past unreimbursed expenses. This amount represents all elements of compensation to which petitioner is entitled under 42 U.S.C. § 300aa-15(a).

---

[1] This Proffer does not include attorneys' fees and costs, which the parties intend to address after the Damages Decision is issued.

Petitioner agrees.

Petitioner is a competent adult.  Evidence of guardianship is not required in this case.

### III. Form of the Award

Respondent recommends that the compensation provided to petitioner should be made through a lump sum payment of **$162,445.95**, in the form of a check payable to petitioner.[2] Petitioner agrees.

                Respectfully submitted,

                BRIAN M. BOYNTON
                Acting Assistant Attorney General

                C. SALVATORE D'ALESSIO
                Acting Director
                Torts Branch, Civil Division

                HEATHER L. PEARLMAN
                Deputy Director
                Torts Branch, Civil Division

                LARA A. ENGLUND
                Assistant Director
                Torts Branch, Civil Division

                */s/Darryl R. Wishard*
                DARRYL R. WISHARD
                Assistant Director
                Torts Branch, Civil Division
                U. S. Department of Justice
                P.O. Box l46, Benjamin Franklin Station
                Washington, D.C.  20044-0146
                Direct dial: (202) 616-4357
Dated:  September 28, 2021      Fax: (202) 616-4310
                darryl.wishard@usdoj.gov

---

[2] Should petitioner die prior to entry of judgment, respondent would oppose any award for future medical expenses, future lost earnings, and future pain and suffering, and the parties reserve the right to move the Court for appropriate relief.